225-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SK SHIPPING CO. LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| SK SHIPPING CO. LTD., | 08 Civ _____ (___) |
| Plaintiff, | |
| -against- | VERIFIED COMPLAINT |
| CETROTEK HOLDING LIMITED, | |
| Defendant. | |

Plaintiff, SK SHIPPING CO. LTD. (hereinafter "SK SHIPPING") for its Verified Complaint against Defendant CETROTEK HOLDING LIMITED (hereinafter "CHL") alleges upon information and belief as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times material hereto, Plaintiff SK SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 19th Floor, SK Namsan Building, 267, Namdaemunno 5-ga, Chung-gu, Seoul 100-711, Korea.

3. At all times relevant hereto, Defendant CHL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 13943 SW 84th Street, Miami, Florida 33183.

4. On or about April 4, 2008, Defendant CHL, as charterer, entered into a maritime contract of charter party with Plaintiff SK SHIPPING, as disponent owner[1], for one laden voyages aboard the M/V HANJIN ANTWERP from Mexico to China.

5. Under the terms of the charter, Defendant CHL was obligated to pay freight at the rate of $67 per metric ton of cargo carried aboard the vessel.

6. In addition, Defendant CHL was obligated, under the terms of the charter, to load a full and complete cargo of 25,000 metric tons, 5% more or less at SK SHIPPING's option, of iron ore fines in bulk.

7. Defendant CHL was also obligated, under the terms of the charter, to provide the contemplated cargo to the vessel and complete loading operations within the agreed laytime period of two consecutive weather working days, failing of which CHL was required to pay demurrage at the rate of $45,000 per day pro rata for each day the vessel was delayed beyond the laytime period.

8. Plaintiff SK SHIPPING duly delivered the M/V HANJIN ANTWERP into the service of Defendant CHL on April 15, 2008, and performed all of its obligations under the contract.

---

[1] SK SHIPPING was not the registered owner of the M/V HANJIN ANTWERP, but rather chartered the vessel from another entity.

9.  In breach of the charter, Defendant CHL failed to provide the contemplated cargo to the vessel and wrongfully cancelled the charter on April 21, 2008.

10. In order to mitigate its losses, Plaintiff SK SHIPPING sought and obtained alternative employment for the vessel in the form of a charter to non-party STX Pan Ocean Co. Ltd. (the "substitute fixture").

11. In order to perform the substitute fixture SK SHIPPING incurred added costs in repositioning the vessel from Topolobampo to Portland and has lost the daily profit it otherwise would have earned under the charter to CHL.

12. Owing to Defendant CHL's breach of the charter, SK SHIPPING suffered loss profits in the amount of $849,816 calculated as follows: $327,692 (expected net profit for the cancelled charter with CHL) plus $522,124 (expected net loss for the substitute fixture), all of which remains due and outstanding under the terms of the charter.

13. The charter party provides for the application of the laws of the United States and disputes between the parties to be resolved by arbitration in New York, and SK SHIPPING specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

14. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff SK SHIPPING's claims made or to be made in the New York arbitration under U.S. law, as agreed by the parties.

15. As a regular feature of New York arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

16. Plaintiff SK SHIPPING estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in New York arbitration will be $200,000. Interest anticipated to be awarded is estimated to be $196,680.83 (calculated at the rate of 7% per annum compounded quarterly for a period of three year, the estimated time for completion of the proceedings in New York).

17. In all, the claim for which Plaintiff SK SHIPPING sues in this action, as near as presently may be estimated, totals **$1,246,496.83**, no part of which has been paid by Defendant CHL, despite due demand. Plaintiff SK SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure SK SHIPPING.

**Request for Rule B Relief**

18. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant CETROTEK HOLDING LIMITED (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

19. The total amount sought to be attached pursuant to the above is **$1,246,496.83**.

WHEREFORE, Plaintiff SK SHIPPING CO. LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$1,246,496.83** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant CETROTEK HOLDING LIMITED, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the New York arbitral proceedings; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       April 25, 2008

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    SK SHIPPING CO. LTD.

By: _____
      Michael E. Unger (MU 0045)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900
      (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
25th day of April 2008

_____
Notary Public
ROBERT G. RIDENOUR, JR.
Notary Public, State of New York
No. 01RI5008838
Qualified in Richmond County
Commission Expires March 1, 2011

NYDOCS1/303434.1                        7