USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
:
SK SHIPPING CO. LTD.,                       :
:   08 Civ. 3905 (SHS)
                           Plaintiffs,      :
:   OPINION & ORDER
     -against-                              :
:
CETROTEK HOLDING LIMITED,                   :
:
                           Defendants.      :
--------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

  The Court issued an Order of Maritime Attachment and Garnishment in this action on April 25, 2008, pursuant to which approximately $146,000 of defendant's funds have been attached. On November 11, 2009, plaintiff was granted an arbitral award of $932,619.85 in its favor. A few days later, plaintiff moved in this action for a judgment confirming that arbitral award. In addition, subsequent to the commencement of this action, the U.S. Court of Appeals for the Second Circuit held that electronic funds transfers ("EFTs") are not property subject to attachment pursuant to Supplemental Maritime Rule B. *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 71 (2d Cir. 2009).

  In light of *Jaldhi* and the Second Circuit's subsequent holding in *Hawknet, Ltd. v. Overseas Shipping Agencies*, 587 F.3d 127 (2d Cir. 2009) that gave *Jaldhi* retroactive effect, and because plaintiff has not alleged that any of defendant's property other than electronic funds transfers is likely to be found in this district, the Order of Maritime Attachment and Garnishment in this action dated April 25, 2008 should be hereby vacated and the attached funds released.

  Nonetheless, SK Shipping has submitted a valid arbitral award to the Court for enforcement.

1

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards governs the recognition and enforcement of arbitration agreements involving foreign parties and international commerce. *See* 9 U.S.C. § 202; *see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997). SK Shipping alleges that it is a foreign business entity located in Seoul, Korea; Cetrotek Holding is "a foreign business entity duly organized and existing under the laws of a foreign country with an address . . . [in] Miami, Florida"; and the dispute centers on the transportation of goods from Mexico to China. (Compl. ¶¶ 2-4.) Section 203 of the Convention provides for federal subject matter jurisdiction over actions that fall within the scope of the Convention. 9 U.S.C. § 203; *see also Sarhank Group v. Oracle Corp.*, 404 F.3d 657, 659-60 (2d Cir. 2005). The Convention also provides for venue "in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States." 9 U.S.C. § 204. The parties agreed to—and SK Shipping did—arbitrate the dispute in New York. (Compl. ¶ 13; Final Award In the Matter of Arbitration between SK Shipping, Ltd. and Cetrotek Holding Limited dated Nov. 11, 2009, Ex. F to Dec. of Michael E. Unger dated Nov. 20, 2009.) Accordingly, venue is appropriate.

Section 207 of the Convention provides that "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. "The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). This is a heavy burden, as there is a strong public policy in favor of international arbitration. *Id.* Furthermore, the Court's review of

2

arbitral awards pursuant to the Convention is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id*. (quoting *Yusuf Ahmed Alghanim*, 126 F.3d at 23).

Cetrotek Holding has neither filed a notice of appearance in this action nor responded to SK Shipping's motion to confirm the arbitral award. In light of both this failure to object and the strong presumption in favor of enforcing arbitral awards, SK Shipping's motion to confirm the November 11, 2009 arbitral award of $932,619.85 should be granted.

Accordingly, for the reasons set forth above, (1) the Order of Maritime Attachment and Garnishment dated April 25, 2008 is vacated and the attached funds released, and (2) SK Shipping's motion to confirm the November 11, 2009 arbitral award is granted. The Clerk of Court shall enter judgment confirming the award and shall close this action.

Dated: New York, New York
       December 16, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.